1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   GARY L. HALLING, Cal. Bar No. 66087
3  MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
   Four Embarcadero Center, 17th Floor
4  San Francisco, California  94111-4106
   Telephone:    415-434-9100
5  Facsimile:    415-434-3947
   Email:  ghalling@sheppardmullin.com
6  Email:  mscarborough@sheppardmullin.com

7  Attorneys for Defendants
   SAMSUNG SEMICONDUCTOR, INC. and
8  SAMSUNG INFORMATION SYSTEMS AMERICA, INC.

9  WEISS & LURIE
   JORDAN L. LURIE, Cal. Bar No. 130013
10 ZEV B. ZYSMAN, Cal. Bar No. 176805
   10940 Wilshire Blvd., 23rd Floor
11 Los Angeles, California  90024
   Telephone:    310-208-2800
12 Facsimile:    310-209-2348
   Email:  jlurie@weisslurie.com
13 Email:  zzysman@weisslurie.com

14 Attorneys for Plaintiff
   TCHIE TAO and the proposed class
15

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                   SAN JOSE DIVISION        *E-FILED - 12/7/06*

| | |
|---|---|
| TCHIE TAO, on Behalf of Himself, and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG SEMICONDUCTOR, INC. SAMSUNG INFORMATION SYSTEMS AMERICA, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C-06-06410 RMW (PVT)<br><br>Removed Case: Santa Clara Superior Court No. 106CV070765<br><br>Removed: October 13, 2006<br><br>**STIPULATION AND []**<br>**ORDER REMANDING CIVIL ACTION**<br><br>Courtroom:   6, 4th Floor<br>Judge:       Hon. Ronald M. Whyte |

-1-

1  WHEREAS, on September 8, 2006, plaintiff Tchie Tao ("Plaintiff") filed a
2  Class Action Complaint ("Complaint") against defendants Samsung Semiconductor, Inc.
3  ("SSI") and Samsung Information Systems America, Inc. ("SISA") (collectively,
4  "Defendants") in Santa Clara County Superior Court, Case No. 1-06-CV-070765;

5  WHEREAS, on October 13, 2006, Defendants removed this action to the
6  United States District Court for the Northern District of California pursuant to The Class
7  Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, on the grounds that it is a civil
8  class action of 100 or more putative class members wherein the amount in controversy
9  exceeds the sum of $5,000,000 and one or more putative class members are citizens of
10 different states than Defendants;

11 WHEREAS, the Declaration of Albert Kim accompanying Defendants'
12 Notice of Removal stated, among other things, that:

13 • SSI markets and sells hard disk drives ("HDDs") that ultimately are
14 purchased by consumers throughout the United States;

15 • SSI sells a substantial percentage of its HDDs to two very large
16 accounts, Dell and Hewlett-Packard, that in turn sell SSI's HDDs to consumers throughout
17 the United States and the world;

18 • SSI also sells HDDs to a variety of distributors that resell HDDs
19 throughout the United States, including to large national electronics retailers such as
20 CompUSA;

21 • SSI does not sell HDDs directly to consumers in the United States;

22 • SISA does not currently market or sell HDDs; and

23 • SSI shipped and sold more than $100,000,000 worth of HDDs to its
24 customers in the United States in the year 2005.

25 WHEREAS, Plaintiff contends that the Complaint concerns only
26 "aftermarket" (i.e., non-original equipment manufacturer) HDDs packaged and sold to
27 consumers as Samsung-branded products, and that the Declaration of Mr. Kim is
28

-2-

1  overbroad and fails to set forth sufficient evidence to prove that the amount in controversy

2  in this action exceeds the $5,000,000 jurisdictional threshold of CAFA;

3  WHEREAS, Defendants contend that the CAFA amount in controversy

4  requirement is satisfied, inter alia, by Mr. Kim's Declaration in light of Plaintiff's proposed

5  class, defined, in pertinent part, as follows:

> All persons or entities in the United States who purchased a Samsung Hard Disk Drive (hereinafter "HDDs") on or between the date Defendants placed each of the HDDs into the stream of commerce through the date the Court certifies this suit as a class action, who resided in the United States at the time of purchase, purchased the HDD at a location within the United Sates, purchased the HDD new (i.e., not second hand) from an entity that regularly sells/sold such devices or items, and did not purchase the HDD for resale to others.

11  Complaint, ¶ 17.

12  WHEREAS, the parties have met and conferred regarding these issues, and,

13  without waiving any defense thereto, agreed to Plaintiff's filing of a First Amended

14  Complaint on December 4, 2006, dropping SISA as a Defendant and modifying the

15  definition of the sales and products at issue, and the proposed class, in pertinent part, as

16  follows:

> All persons or entities in the United States who purchased *an aftermarket Samsung-branded and Samsung-packaged* Hard Disk Drive (hereinafter "HDDs") on or between the date Defendant placed each of the HDDs into the stream of commerce through the date the Court certifies this suit as a class action, who resided in the United States at the time of purchase, purchased the HDD at a location within the United States, purchased the HDD new (i.e., not second hand) from an entity that regularly sells/sold such devices or items, and did not purchase the HDD for resale to others.

23  WHEREAS, Defendants have represented that the HDD sales covered by the

24  First Amended Complaint are below $2,000,000, and thus below the CAFA $5,000,000

25  threshold;

26  WHEREAS, the parties agree that, in light of the First Amended Complaint

27  and the parties' representations, remand to the Santa Clara County Superior Court is

28  appropriate;

-3-

NOW THEREFORE, the parties hereby stipulate and agree as follows, and that the Court may enter an Order as follows:

1. Defendant Samsung Information Systems America, Inc. is dismissed from this action without prejudice, with each party to bear his or its own fees and costs in connection with such dismissal. SISA agrees that its undersigned counsel, Sheppard, Mullin, Richter & Hampton LLP, is authorized to accept service of discovery from Plaintiff on SISA's behalf.

2. Pursuant to 28 U.S.C. § 1447 and the Court's discretionary authority, this action is remanded to the Santa Clara County Superior Court, with each party to bear his or its own fees and costs in connection with this Order, remand, and the removal of this action in the first instance.

3. This Order is without prejudice to Defendants' rights to demur, move or otherwise respond to the First Amended Complaint in the Superior Court within 30 days of its filing in this Court.

4. Plaintiff and his counsel agree not to seek a material expansion of the class definition set forth in the First Amended Complaint, including any modification of the class definition to include or address any sales by Defendants to, or consumer purchases from, original equipment manufacturers ("OEMs"), or entities selling Defendants' products using non-Samsung trade names and/or packaging.

5. This Order is without prejudice to Defendants' rights to remove this action again should Plaintiff expand the scope of this action to place in controversy more than $5,000,000, or should some other basis for federal jurisdiction arise.

6. This action having been remanded, all dates and hearings in this matter are hereby vacated, including Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted or, in the Alternative, to Strike Portions of Plaintiff's Complaint, currently set for hearing on January 5, 2007.

DATED: December 4, 2006

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
By _____/s/_____

MICHAEL W. SCARBOROUGH
Attorneys for Defendants
SAMSUNG SEMICONDUCTOR, INC. and
SAMSUNG INFORMATION SYSTEMS
AMERICA, INC.

DATED: December 4, 2006

WEISS & LURIE
By _____[signature]_____

ZEV B. ZYSMAN
Attorneys for Plaintiff
TCHIE TAO and the proposed class

### ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

December 7, 2006        /s/ Ronald M. Whyte

HON. RONALD M. WHYTE
UNITED STATES DISTRICT COURT JUDGE